# Fetterman *against* Hopkins.

The liability of bail given to dissolve a foreign attachment, is commensurate with the amount of his recognizance; and he will not be relieved upon the payment of the sum sworn to by the plaintiff, on a rule to show cause why the amount of bail required should not be reduced.

A judgment for the amount of a penalty, to be released upon the payment of a sum greater than the penalty, is not erroneous.

ERROR to the common pleas of *Alleghany* county.

T. and J. Hopkins against W. W. Fetterman, by *scire facias* sur recognizance.

The plaintiffs had issued a foreign attachment against John Rice, requiring bail in 1500 dollars, which was reduced by Judge Shaler to 500 dollars. The defendant in this suit then entered into the necessary recognizance in that sum, the plaintiffs' attorney having made an affidavit, that the debt due was less than 500 dollars. The cause was tried and a verdict and judgment rendered for the plaintiff for 494 dollars and 14 cents, and costs, which amounted in the whole to a sum exceeding 500 dollars.

In this action on the recognizance the defendant pleaded nul tiel record; and made the question, whether the plaintiff was entitled to recover more than he had sworn to in his affidavit filed? Upon argument the court below rendered a judgment for the plaintiff for 500 dollars, to be released upon the payment of the amount of the judgment in the original action.

This was assigned for error, and, also, that the judgment was for a sum exceeding the penalty of the recognizance.

*M'Candless,* for plaintiff in error, cited 10 *Johns.* 304; 12 *Johns.* 31; *Co. Lit.* 288, *b; Cro. Eliz.* 236; 1 *Stra.* 1055; 1 *Ld. Raym.* 328; *Add. Rep.* 119; 9 *Serg. & Rawle* 24; 3 *Binn.* 427; *Tidd's Prac.* 74; 1 *East* 86–90; *Doug.* 330; 6 *East* 312; 5 *Maul. & Selw.* 511.

[Fetterman v. Hopkins.]

*Metcalf*, for defendant in error, cited 1 *Arch. Pr.* 280; 1 *Bos. & Pul.* 205; 6 *Serg. & Rawle* 542; 2 *Paine & Duer* 31.

PER CURIAM.—The British cases are not conclusively applicable to questions like the present. In the king's bench, the bail are relieved on payment of the sum sworn to; while in the common pleas, their responsibility was, till lately, commensurate with the recognizance. The subject being within the equitable discretion of the court, is disposed of there, and might be so here, by rules of practice. But neither there nor here, has the plaintiff been restrained to less than the penalty, when the amount of the bail had been fixed by the court. It was not so fixed here; but, what is the same, it was fixed by the parties themselves. Even were that not so, as we have no rule of practice on the subject, the recognizance must be suffered to have its common law effect. And further, it is pretty clear that if the court had blundered in exercising its equitable power of summary relief, there could be no redress by writ of error.

It is said the court gave judgment for more than the recognizance, as the sum recovered in the original action, with the costs of both actions, is of greater amount. But the judgment is expressly for the penalty, which is the debt at law, and cannot be exceeded. The condition of the release is for the ease of the bail and at his option. Where it happens, as here, to give him no advantage, it does him no prejudice, as it does not bar him from discharging himself by payment of the penalty. By the terms of the recognizance, he might possibly have been released by payment of less; but he could not be called on for more.

Judgment affirmed.